# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. HENSON, et al.,<br><br>        Defendants. | CASE NO. 1:04-CV-5092-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE DENIED<br><br>(Doc. 20) |

I.  Defendants' Motion to Dismiss for Failure to State a Claim

    A.  Procedural History

Plaintiff Trevor Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint filed April 16, 2004, against defendants Henson, Aguillar, Arline, and Adams for depriving him of his property without due process of law. On October 13, 2004, pursuant to Federal Rule of Civil Procedure 12(b), defendants Henson, Arline, and Adams ("defendants") filed a motion to dismiss for failure to state a claim upon which relief may be granted and for failure to exhaust the available administrative remedies.[1] (Doc. 20.) Plaintiff filed an opposition on November 10, 2004, and defendants filed a reply on November 19, 2004.[2] (Docs. 22, 23.)

---

[1] Defendant Aguillar has not been served.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 18, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 5.)

1

On February 22, 2005, the undersigned issued a Findings and Recommendations recommending that defendants' motion to dismiss for failure to exhaust be granted. (Doc. 27.) On July 18, 2005, in light of the Ninth Circuit's decision in Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), Judge Ishii found that exhaustion of the available administrative remedies occurred on October 22, 2002, denied defendants' motion to dismiss for failure to exhaust, and referred the matter back to the undersigned for consideration of defendants' motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 34.)

B.   Legal Standard

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

  C. Discussion

  Defendants argue that plaintiff's allegations fail to give rise to a claim for relief under section 1983 because plaintiff does not have a protected interest in the receipt of a quarterly package. Plaintiff contends that he has a property interest in quarterly packages, created by Section 3044(d)(3) of the California Code of Regulations.

  The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and an authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

  Defendants' argument that plaintiff does not have a protected interest in quarterly packages is one best set forth in a motion for summary judgment. Defendant has set forth no authority for the proposition that plaintiff does not have a protected interest in his quarterly package, and the court declines to make a finding that plaintiff's claim fails as a matter of law at this juncture in the

proceedings on a motion to dismiss. Plaintiff's allegations are sufficient to place defendants on notice as to the basis of plaintiff's claim against them. Fed. R. Civ. P. 8. In the absence of any authority to the contrary, the court finds that plaintiff's allegations are sufficient, *at the pleading stage*, to state a claim for relief under section 1983 for deprivation of property without due process of law.

With respect to qualified immunity, defendants' very limited, one-sentence statement that they are entitled to qualified immunity is utterly insufficient. Defendants have set forth no analysis, Saucier v. Katz, 533 U.S. 194, 201, 202 (2002), and the court declines to conduct what would amount to a sua sponte analysis of the issue qualified immunity.

D.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss for failure to state a claim upon which relief may be granted, filed October 13, 2004, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 22, 2005**                     /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE