# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR JOHNSON, | CASE NO. 1:04-CV-5092-AWI-LJO-P |
| Plaintiff, | ORDER DIRECTING UNITED STATES MARSHAL TO ATTEMPT RE-SERVICE ON DEFENDANT AGUILAR WITHOUT PREPAYMENT OF COSTS |
| v. | |
| D. HENSON, et al., | |
| Defendants. | |

Plaintiff Trevor Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2004, the court directed the United States Marshal to initiate service of process. (Doc. 11.) Service was not executed on defendant Aguilar.[1] The Marshal was informed that the institution employs numerous individuals with the last name of Aguilar. (Doc. 13.) On November 8, 2004, the court ordered plaintiff to show cause why defendant Aguilar should not be dismissed from this action based on plaintiff's failure to provide the Marshal with sufficient information to serve defendant. (Doc. 21.) Plaintiff filed a response to the order on December 8, 2004. (Doc. 24.)

The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal is insufficient to allow the court to discharge this duty on the ground that defendant Aguillar cannot be identified. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). For this reason, the court must direct the Marshal to re-attempt service on defendant Aguilar. Plaintiff

---

[1] Although spelled "Aguillar" by plaintiff, the signature on the record provided by plaintiff indicates that "Aguilar" is the correct spelling of defendant's name. (Doc. 24, p. 6.)

1

1  has provided an inmate appeal bearing defendant Aguilar's signature. The Marshal shall utilize the
2  appeal in an attempt to identify defendant Aguilar. If the institution is unable to identify defendant
3  Aguilar, the Marshal shall contact the Legal Affairs Division and request the assistance of a special
4  investigator. Accordingly, IT IS HEREBY FURTHER ORDERED that:

5      1.     The Clerk of the Court is directed to forward the following documents to the United
6          States Marshal:

7          (1)     One completed and issued summons for <u>each</u> defendant to be served;
8          (2)     One completed USM-285 form for <u>each</u> defendant to be served;
9          (3)     One copy of the second amended complaint filed on April 16, 2004 for <u>each</u>
10               defendant to be served, plus an extra copy for the Marshal;
11         (4)     One copy of this order for <u>each</u> defendant to be served, plus an extra copy for
12               the Marshal;
13         (5)     One copy of the court's consent form for <u>each</u> defendant to be served; and
14         (6)     **One copy of plaintiff's inmate appeal bearing defendant Aguilar's**
15               **signature.**

16     2.     Within ten days from the date of this order, the United States Marshal is directed to
17         notify the following defendants of the commencement of this action and to request
18         a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28
19         U.S.C. § 566(c):

20               **C/O AGUILAR** - assigned to R&R at CSTAF on February 27, 2002

21     3.     The U.S. Marshal is directed to retain the summons and a copy of the complaint in
22         their file for future use.
23     4.     The United States Marshal shall file returned waivers of service as well as any
24         requests for waivers of service that are returned as undelivered as soon as they are
25         received.
26     5.     **In attempting to identify and locate defendant Aguilar, the Marshal shall utilize**
27         **the inmate appeal bearing defendant's signature, included with this order.**
28 ///

6. **In attempting to identify and locate defendant Aguilar, if the Litigation Office at CSATF is unable to assist, the Marshal is directed to seek the assistance of the Employment Office at CSATF, and, if necessary, contact the Legal Affairs Division in Sacramento and request the assistance of a special investigator.**

7. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

    b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

8. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

///
///
///
///

9. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:** **July 22, 2005**                    /s/ Lawrence J. O'Neill
b9ed48                                                 UNITED STATES MAGISTRATE JUDGE

4