UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR JOHNSON, | 1:04-cv-05092-AWI-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 50) |
| vs. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** (Doc. 44) |
| D. HENSON, et al., | |
| Defendants. | |

Plaintiff Trevor Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 5, 2005, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On February 1, 2006, after obtaining an extension of time, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

1

1    In accordance with the provisions of 28 U.S.C. §
2 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de</u>
3 <u>novo</u> review of this case.  Having carefully reviewed the entire
4 file, the Court finds the Findings and Recommendations to be
5 supported by the record and by proper analysis. To "prevail on a
6 motion for preliminary injunctive relief, the moving party must
7 establish a relationship between the injury claimed in the motion
8 and the conduct giving rise to the complaint." <u>Lebron v.</u>
9 <u>Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003).  Plaintiff
10 seeks a preliminary injunction for law library access.  The
11 underlying claim alleges a deprivation of property. As explained
12 by the Magistrate Judge, preliminary injunctive relief is
13 designed to preserve the status quo regarding the substance of
14 the case; it is not available for the purpose of ensuring that
15 Plaintiff can effectively or efficiently litigate his case.  As
16 Plaintiff's motion seeks to redress an injury unrelated to the
17 underlying action, the preliminary injunction must be denied.
18    In addition, the Supreme Court has recognized that prisoners
19 have a right to bring to court  their grievances. <u>Lewis v.</u>
20 <u>Casey</u>, 518 U.S. 343, 354 (1996).   This right is limited to
21 direct criminal appeals, habeas corpus proceedings, and civil
22 rights actions challenging conditions of confinement. <u>Id</u>. at
23 354-55.  "An inmate cannot establish relevant actual injury
24 simply by establishing that his prison's law library or legal
25 assistance program is sub-par in some theoretical sense." <u>Id</u>. at
26 351.  Rather, the inmate "must go one step further and
27 demonstrate that the library or legal assistance program hindered
28 his efforts to pursue a legal claim." <u>Id</u>.   There is no right to

2

"litigate effectively once in court." Id.  Thus, injunctive relief requiring prison officials to assist Plaintiff in litigating this action is not appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 5, 2005, is ADOPTED IN FULL; and,

2. Plaintiff's motion for a preliminary injunction mandating access to his legal property, filed September 14, 2005, is DENIED.

IT IS SO ORDERED.

**Dated:   March 21, 2006**              /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE