# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. HENSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05092-AWI-LJO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 62) |

I.  Defendants' Renewed Motion to Dismiss for Failure to Exhaust

　　A.  Procedural History

Plaintiff Trevor Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint filed April 16, 2004, against defendants Henson, Aguillar, Arline, and Adams ("defendants") for depriving him of his property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

On October 13, 2004, pursuant to Federal Rule of Civil Procedure 12(b), defendants Henson, Arline, and Adams filed a motion to dismiss for failure to state a claim upon which relief may be granted and for failure to exhaust the available administrative remedies.[1] (Doc. 20.) Plaintiff filed

///

---

[1] Defendant Aguillar had not been served at that time.

1  an opposition on November 10, 2004, and defendants filed a reply on November 19, 2004.[2]  (Docs.
2  22, 23.)
3      On February 22, 2005, the undersigned issued a Findings and Recommendations
4  recommending that defendants' motion to dismiss for failure to exhaust be granted, thus concluding
5  this action in its entirety. (Doc. 27.) On July 18, 2005, the Honorable Anthony W. Ishii issued an
6  order declining to adopt the Findings and Recommendations in light of the intervening decision Ngo
7  v. Woodford, 403 F.3d 620 (9th Cir. 2005), and denying defendants' motion.
8      In 2006, the United States Supreme Court reversed the decision in Ngo, Woodford v. Ngo,
9  126 S.Ct. 2378, 2386 (2006), and defendants, now joined by Aguilar, renewed their motion to
10 dismiss for failure to exhaust on July 5, 2006.[3]  (Doc. 62.) Plaintiff filed an opposition on January
11 10, 2007, and defendants filed a reply on January 12, 2007. (Docs. 78-80.) In issuing this Findings
12 and Recommendations, which is largely identical to the Findings and Recommendations issued on
13 February 22, 2005, the undersigned has considered the original motion, opposition, and reply, and
14 the renewed motion, opposition, and reply.

15      B.    Legal Standard

16     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
17 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
18 confined in any jail, prison, or other correctional facility until such administrative remedies as are
19 available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement
20 applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).
21 Prisoners must complete the prison's administrative process, regardless of the relief sought by the
22 prisoner and regardless of the relief offered by the process, as long as the administrative process can

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 18, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 5.)

[3] Defendants' contention in their January 12, 2007, reply that the court did not reach the argument made in their original motion to dismiss that they were entitled to dismissal for failure to state a claim is incorrect. (Reply, Doc. 80, 6:15-7:11.) Following Judge Ishii's July 18, 2005, order declining to adopt the Findings and Recommendations (F&R) recommending dismissal for failure to exhaust, the undersigned issued an F&R on July 22, 2005, recommending that the motion to dismiss for failure to state a claim be denied. (Doc. 35.) Judge Ishii adopted the F&R and denied defendants' motion to dismiss for failure to state a claim on September 13, 2005. (Doc. 42.) Because the court denied defendants' motion to dismiss for failure to state a claim, defendants' argument in their reply that they are also entitled to dismissal on that ground is disregarded.

provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382. Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

In his complaint, plaintiff alleges that on February 25, 2002, Associate Warden Moncayo and Captain Cuevas approved a memorandum stating that general population inmates were going to be

3

transferred to other facilities and any quarterly packages received would be packed with the inmates' property and forwarded. Plaintiff alleges that he was a general population inmate.

On February 27, 2002, Officer Guevara rejected a thirty-pound package mailed to plaintiff. On March 5, 2002, plaintiff filed an inmate appeal (CDC 602 form) stating that a quarterly package had been sent to him and pursuant to the memo, it should have been placed with his property. On March 6, 2002, defendant Aguillar denied plaintiff's appeal at the informal level and stated that per the warden, quarterly packages were to be returned to sender. On March 7, 2002, plaintiff submitted his appeal at the formal level of review. Defendant Arline completed an inmate appeal assignment notice setting the due date for the response for April 24, 2002. On May 3, 2002, after plaintiff was transferred to Pleasant Valley State Prison, plaintiff received a first level response from defendant Henson. On May 24, 2002,[4] plaintiff submitted his appeal to the second level of review. On May 10, 2002, defendant Arline completed an inmate appeal assignment notice setting the due date for the response for June 10, 2002. On June 25, 2002, after receiving no response to his appeal at the second level, plaintiff requested a Director's Level review of his appeal. On July 2, 2002, plaintiff's appeal was returned to him. On August 6, 2002, plaintiff filed case number CV-F-02-5952 OWW HGB P Johnson v. Henson. On August 7, 2002, plaintiff received the second level response to his appeal. On September 15, 2002, plaintiff was allowed to dismiss his case without prejudice, and on September 24, 2002, plaintiff submitted his appeal to the Director's Level of review. The appeal was rejected on October 22, 2002, on the ground that it was untimely.

Defendants argue that they are entitled to dismissal of this action because plaintiff failed to exhaust the available administrative remedy process. Defendants contend that plaintiff filed an inmate appeal on March 5, 2002, complaining about non-receipt of his quarterly package. (Doc. 20, Motion, Exhibit A, ¶ 10 & Attach. B, p. 3.) The appeal was denied at the informal level of review on March 6, 2002, partially granted at the first formal level of review on April 10, 2002, and denied at the second formal level of review on June 10, 2002. (Id., Exhibit A, ¶ 11 & Attach. B, p. 3.) Defendants contend that plaintiff's appeal was not received at the third and final level of review until

---

[4] This date is inconsistent with plaintiff's other allegations. Based on the appeal form itself, plaintiff submitted the appeal on May 4, 2002.

4

September 26, 2002, at which time it was almost three and a half months late. (Id., Exhibit A, ¶ 12 & Attach. B, p. 3.) Plaintiff's appeal was screened out and returned to plaintiff as untimely. (Id.)

In his opposition, plaintiff contends that the second formal level response to his appeal was due on June 10, 2002, but defendant Arline failed to meet that deadline. (Doc. 22, 2:7-12 & Exhibit at p. 13.) Plaintiff contends that on June 25, 2002, he submitted a request for review at the Director's Level based on Arline's failure to timely respond to his appeal, but the request was returned on July 8, 2002. (Id., 2:13-21 & Exhibit at p. 16.) On August 6, 2002, plaintiff filed case number CV-F-02-5952 OWW HGB P Johnson v. Henson because defendants denied his right to redress by failing to complete the grievance process. (Id., 2:22-27.)

Plaintiff contends that on August 7, 2002, defendant Arline forwarded him the second level response, which was backdated to June 10, 2002. (Id., 3:1-5 7 Exhibit at p. 21.) Plaintiff contends that on August 15, 2002, the court granted him leave to amend in case number CV-F-02-5952,[5] and on August 24, 2002, plaintiff moved for dismissal pending exhaustion of his grievance. (Id., 3:6-13 & Exhibit at p. 23.) Plaintiff contends that on September 5, 2002, the court issued a Finding and Recommendations recommending dismissal of the action,[6] and on September 24, 2002, plaintiff submitted his appeal to the Director's Level of review. (Id., 3:14-21.) The appeal was returned to plaintiff on October 22, 2002. (Id., 3:22-24 & Exhibit at p. 27.) Plaintiff contends that defendant Arline intentionally withheld his second level appeal response until it was too late for him to appeal to the next level, and that all the irregularities in the appeals process are attributable to defendants. (Id., 4:1-7.)

In their reply, defendants argue that plaintiff's attempt to argue substantial compliance must fail. Defendants contend that plaintiff filed suit when his premature appeal to the third level was returned and that plaintiff overlooks the fact that his appeal was processed, although not quickly

///

---

[5] The court takes judicial notice of the fact that on August 15, 2002, in case number CV-F-02-5952 OWW HGB P Johnson v. Henson, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983.

[6] The court takes judicial notice of the fact that on September 5, 2002, in case number CV-F-02-5952 OWW HGB P Johnson v. Henson, based on plaintiff's notice of voluntary dismissal, the court issued Findings and Recommendations recommending the action be dismissed.

5

enough to suit him. (Doc. 23, Reply, 3:12-14.) Defendants contend that because plaintiff filed suit before receiving a third level response, plaintiff filed suit before exhaustion occurred.

Although there are no Ninth Circuit Court cases on point, other Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)).

While in their reply defendants accuse plaintiff of sidestepping the fact that he filed suit without obtaining a third level response, defendants themselves sidestep the issue of the timeliness

6

of the second level response in their motion. Second level responses are required to be completed within twenty working days. Cal. Code Regs. tit 15, § 3084.6(b)(3) (2005). A "'[w]orking day' means a calendar day excluding Saturdays, Sundays, and official state holidays," and "days are computed by excluding the first days and including the last day." Cal. Code Regs. tit 15, § 4003(j)(2), (3). "[I]f an exceptional delay prevents completion of the review within specified time limits, the [inmate] shall be informed in writing of the reasons for the delay and the estimated completion date." Cal. Code Regs. tit 15, § 3084.6(b)(6) (2005)

In this instance, pursuant to the appeal form, the appeal was assigned on May 10, 2002, and the due date was June 10, 2002. Although the second level response bears the date June 10, 2002, the date it was due, plaintiff alleges in his complaint and in his opposition that he did not receive the response until August 7, 2002. The response itself bears a date and location stamp of June 14, 2002 at CSATF. Given that plaintiff alleges he was transferred to Pleasant Valley on April 9, 2002, it appears that the appeal response was not forwarded to plaintiff until sometime after June 14, 2002. Defendants do not dispute plaintiff's assertion that he did not receive the response until August 7, 2002, and the court accepts it as true for the purpose of this motion.

At the time plaintiff filed his earlier suit, defendant Arline's failure to provide plaintiff with a timely response to his appeal may have ultimately resulted in a finding that the process was rendered unavailable by prison officials' failure to respond within their own time constraints. Defendants' apparent argument that suit absolutely cannot be filed until a Director's Level decision is issued, regardless of how they handle the appeal or how long it takes them to process the appeal is unavailing and has been rejected by this court.[7] In an instance where the Director's Level response was issued six months after it was due and three months *after* the plaintiff filed suit, the court found that exhaustion had occurred. De La Torre v. Johnson, CV-F-01-6046-AWI-LJO-P. However, in another case, the court rejected the plaintiff's argument that exhaustion had occurred by virtue of the untimely response on the ground that plaintiff was in possession of the untimely response *before* he filed suit.[8] The court stated

---

[7] The court takes judicial notice of the decision in De La Torre v. Johnson, CV-F-01-6046-AWI-LJO-P.

[8] The court takes judicial notice of the decision in Lundh v. Warden CV-F-02-6196-AWI-LJO-P.

7

> With respect to plaintiff's contention that defendant is not entitled to dismissal because the response to the appeal was untimely, plaintiff received a response to his appeal *before* he filed suit. Although the response was untimely, plaintiff was in possession of the response at the time plaintiff filed suit. Plaintiff could have submitted the appeal to the next level, but chose to file suit instead. This situation is clearly distinguishable from those situations in which prison officials fail to respond within the applicable time limits and the prisoner is unaware of when, if ever, he or she might receive a response.

Lundh v. Warden CV-F-02-6196-AWI-LJO-P (Doc. 23, 1:27-2:5).

However, what may or may not have occurred if plaintiff had proceeded with his original suit and defendants had raised the issue of exhaustion is purely speculative and is irrelevant to the motion to dismiss in this action. The court must look at the facts as they were at the time *this* action was filed in determining whether exhaustion occurred prior to filing suit. Inmates have fifteen working days to submit their appeal to the next level of review. Cal. Code Regs. tit 15, § 3084.6(c) (2006). Assuming plaintiff did not receive the second level response until August 7, 2002, as he contends, plaintiff needed to have submitted his appeal to the Director's Level on or before August 28, 2002. Plaintiff's submission of his appeal to the Director's Level on September 24, 2002, was in fact untimely and the rejection of the appeal as untimely was not wrongful. Where an inmate's appeal is rejected as untimely because he failed to follow the applicable rules, the exhaustion requirement is not satisfied. Woodford, 126 S.Ct. at 2382.

In his January 10, 2007, opposition, plaintiff argues that his inmate appeal was granted at the first level and he was not required to pursue it any further. The court rejects this argument. Plaintiff's inmate appeal was only partially granted at the first formal level of appeal. Plaintiff is attempting to impose liability on defendants for depriving him of his property without due process of law. Plaintiff's inmate appeal was partially granted only in that packages were no longer being refused by the prison's post office. This response does not constitute a complete grant of plaintiff's appeal, thereby fully resolving his dispute that his package was wrongfully confiscated, and there were levels of review left available, evidenced by the fact that plaintiff pursued his appeal to the next level of review.

Plaintiff's remaining arguments are also rejected. Plaintiff could have timely submitted his appeal to the third and final level of review after receiving it back from the second level on August 7, 2002, but did not do so. Plaintiff's untimely submission of his appeal to the Director's level of

8

review and its ultimate rejection for untimeliness do not satisfy the exhaustion requirement, and plaintiff is precluded from proceeding with this suit. Id. at 2382.

D.   Conclusion

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.   Defendants' renewed motion to dismiss for failure to exhaust, filed July 5, 2006, be GRANTED; and

2.   Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 17, 2007**           /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE